AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

**United States of America**

**v.**                                          Case No. 21-mj-159

**ANTOINE LANIER a/k/a Alejandro Martinez**

*Defendant*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### Count 1

On or about the date of September 27, 2021, in the County of Erie, in the Western District of New York, the defendant, **ANTOINE LANIER a/k/a Alejandro Martinez**, not being a licensed manufacturer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of manufacturing firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

### Count 2

On or about the date of September 27, 2021, in the County of Erie, in the Western District of New York, the defendant, **ANTOINE LANIER a/k/a Alejandro Martinez**, did knowingly, intentionally, and unlawfully possess with the intent to distribute cocaine, a Schedule II controlled substance, LSD, a Schedule I controlled substance, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D).

### Count 3

On or about the date of September 27, 2021, in the County of Erie, in the Western District of New York, the defendant, **ANTOINE LANIER a/k/a Alejandro Martinez**, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), committed in the manner set forth in Count 2, the allegations of which are incorporated herein by reference, did knowingly and unlawfully possess a firearm in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

This Criminal Complaint is based on these facts:

☒  Continued on the attached sheet.

**TIMOTHY FUDELLA**

Digitally signed by TIMOTHY FUDELLA
Date: 2021.09.28 11:08:01 -04'00'

_Complainant's signature_

TIMOTHY FUDELLA
SPECIAL AGENT
Bureau of Alcohol, Tobacco, Firearms & Explosives
_Printed name and title_

Sworn to and subscribed telephonically.

Date:  September   28, 2021

City and State:   Buffalo, New York

_Judge's signature_

HONORABLE H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF ERIE        )        SS:
CITY OF BUFFALO      )

I, **TIMOTHY FUDELLA**, Special Agent of Bureau of Alcohol, Tobacco, Firearms and Explosives, having been duly sworn, states as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1), *et seq.* and Title 21, United States Code, Section 801.  I further state that I am the kind of Special Agent as delineated in Title 18, United States Code, Section 3051.

2.      I have been an ATF Special Agent since September of 2015.  I am assigned to the Buffalo Field Office, New York Field Division.  I am a graduate of the ATF National Academy and the Criminal Investigator School located at the Federal Law Enforcement Training Center in Glynco, Georgia.  My primary duties as an ATF Special Agent include investigating violations of federal firearms laws including illegal firearm trafficking, unlawful possession of firearms, and the possession of firearms during the commission of drug

trafficking crimes and crimes of violence.  Additionally, prior to becoming an ATF Agent, I was employed by United States Customs and Border Protection as a United States Customs and Border Protection Officer for approximately six years.

3.      During my time as an ATF Special Agent, I have participated in investigations and the execution of search warrants and arrest warrants where illegally purchased/trafficked firearms, narcotics, electronic scales, packaging materials, cutting agents, books/ledgers indicating sales, receipts, computers, cellular telephones, and other items used to facilitate firearms and narcotics trafficking were seized.  I have personally conducted and/or assisted in investigations of criminal acts involving violations relating to armed individuals that were involved in the distribution of controlled substances, including heroin, fentanyl, cocaine, cocaine base and other substances, in violation of federal drug laws, including Title 21, United States Code, Sections 841 and 846, and Title 18 United States Code, Sections 922 and 924. Additionally, I have also participated in interviews and debriefings of individuals involved in firearms and narcotics trafficking.  I am familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the illegal trafficking of firearms and illegal drugs.

4.      This affidavit is made in support of a Criminal Complaint of **ANTOINE LANIER AKA ALEJANDRO MARTINEZ**, as there is probable cause that **LANIER** has violated Title 18, United States Code, Section 922(a)(1)(A) (unlawfully manufacturing and dealing in firearms without a license; Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime), and Title 21, United States

Code, Sections 841(a)(1) and 841(b)(1)(C) (possession with intent to distribute cocaine and LSD), Schedule II and Schedule I controlled substances, respectively, and 841(b)(1)(D) (possession with intent to distribute marijuana), a Schedule I controlled substance.

5.      This affidavit is intended to show that there is probable cause for the requested Criminal Complaint.  It is not intended to be a complete statement of all known information of evidentiary value, and it does not purport to set forth all of my knowledge of, or investigation into, this matter.  This affidavit is based on knowledge that I have gained from my participation in this investigation, as well as information from the following sources, among others: (1) oral and written reports and other supportive documentation about this investigation and others; (2) conversations with federal, state, and/or local law enforcement agents and agencies.  I have set forth only the facts I believe are necessary to establish the required foundation for the requested Criminal Complaint.

## BACKGROUND OF THE INVESTIGATION
### PRIVATELY MADE FIREARMS OR "GHOST GUNS"

6.      Your affiant is familiar with the Polymer 80 type of Privately Made Firearms, most often referred to as "ghost guns" because they do not have serial numbers and cannot be traced by ATF.  ATF officially describes these firearms as Privately Made Firearms ("PMFs").  These firearm receivers or "Pistol Frame Kits" are purchased legally, usually in on-line transactions, in a block form and are only 80% finished, thus not making them an actual firearm as defined by federal law.   These receiver blocks are then completed with household tools (drill, rotary tool, etc.) by drilling out and cutting so that the internal parts of

3

a firearm (springs, trigger assembly, etc.) can be inserted. The individual making these PMFs then purchases the other firearm components (slide, barrel, trigger, etc.) to complete the firearm. Typically, these transactions are all done online with the manufacturer of PMFs receiving the parts needed for completion through common carriers or the United States Post Office. With the ease of access to PMF components available, law enforcement within the Western District of New York has seen a significant increase of PMFs recovered in crimes.

7.      ATF, the U.S. Postal Inspection Service ("USPIS"), and other law enforcement agencies are conducting an investigation into the illegal activities of **ANTOINE LANIER AKA ALEJANDRO MARTINEZ**. The investigation, to date, has shown that **LANIER** is receiving firearm parts related to the manufacturing of 80 percent style PMFs/"Ghost Guns" as well as quantities of narcotics and marijuana for distribution through the United States Postal Service and other methods.

8.      On or around September 24, 2021, U.S. Postal Inspector Brendan Jaffe identified two parcels being shipped from California to 111 Grant Street, Depew, NY 14043. **Parcel #1** was addressed to "John Martin 111 Grant St Apt:1 Depew NY 14043" and had a visible return address listed as "**Andrew Hoyt 3526 Ranch Top Rd**", the remaining portion of the return address was covered up by a shipping sticker. **Parcel #1** was observed bearing USPS Priority Tracking # 9505 5156 3918 1266 4846 62, was brown in color and weighed approximately 5lbs 3oz. Inspector Jaffe is familiar with the listed return address of **Parcel #1** because on August 9, 2021, Inspector Jaffe executed a federal search warrant (21-mj-5161) on USPS Priority Mail Tracking # 9505 5156 3916 1215 4681 27, which was addressed to

4

"AleJandro Martinez 119 Hedwig Ave Buffalo NY 14211 Lower Unit" and had a return address of "**Andrew Hoyt 3526 Ranch ToP Rd PaSadena, CA 91107**". Seized from within this parcel was approximately 1342.35 grams of suspected marijuana. Inspector Jaffe noted that the handwriting on **Parcel #1** and the previously seized parcel were similar.

9.      **Parcel #2** was addressed to "William Martin 111 Grant St Apt 1 Depew NY, 14043" and had a return address listed of "James Walker 11657 RoSeglen St El Monte, CA 91732". **Parcel #2** was observed bearing USPS Priority Tracking # 9505 5141 0248 1266 3536 35, was a large brown box, weighing approximately 15lbs 9 oz. After a review of law enforcement and postal databases, Inspector Jaffe was unable to associate the listed recipients or the listed senders with their listed addresses for **Parcel #1** or **Parcel #2**.

10.      On September 27, 2021, at approximately 0915 hours, Inspector Jaffe arrived at the U.S Post Office located at 1763 Como Park Blvd, Depew, NY 14043. Upon arrival, Inspector Jaffe observed **LANIER**'s black 2010 Nissan Maxima parked in the parking lot. Upon entering the post office, Inspector Jaffe observed **LANIER** inside the post office attempting to pick up **Parcel #2** (described in ¶ 9, *supra*) from the post office. **LANIER** inquired about the status of a parcel to 111 Grant Street, Depew, NY and wanted to pick up **Parcel #2**, but said he did not know the recipient name on the parcel. **LANIER** was also concerned that on Saturday (September 25, 2021) the parcel (**Parcel #2**) had received an "Insufficient Address" scan. **LANIER** was advised that **Parcel #2** had already left the post office and would be delivered to the listed delivery address (111 Grant Street, Depew, NY 14043) this same day.

11.     On September 27, 2021, at approximately 1210 hours, Inspector Burch, operating in an undercover capacity, delivered **Parcel #1** and **Parcel #2** as addressed.  As Inspector Burch approached the front door of 111 Grant Street, **LANIER** came outside. **LANIER** questioned Inspector Burch about why **Parcel #2** was not delivered on Saturday. **LANIER** then accepted both **Parcel #1** and **Parcel #2** and placed them inside of his Nissan Maxima, which was parked in front of 111 Grant Street.  After placing the parcels inside of his vehicle, **LANIER** then proceeded back inside of 111 Grant Street.

## SEARCH WARRANTS

### 111 Grant Street, Apt 1, Depew, NY

12.     On September 27, 2021, law enforcement executed a search warrant at 111 Grant Street, Apt 1, Depew, NY.  As law enforcement knocked and announced their presence, **LANIER** was observed by law enforcement running through the apartment and trying to escape through the rear window. As **LANIER** attempted to escape from the window, he was taken into custody.  Subsequently, law enforcement made entry into the apartment and secured the residence. After the location was secure, law enforcement performed a search of the location.

13.     On top of a couch in the living area, law enforcement located a tan Polymer 80, PF940C 9mm PMF, loaded with 10 rounds of ammunition. Next to the firearm was a White Apple I- Phone and a white Gucci bag.  Inside the white bag, law enforcement located a health insurance card in the name "Antoine Lanier" and a Cash App Visa card in the name of "Alejandro Martinez".

14.     In a bedroom directly off of the living room, law enforcement located a safe in the closet. Within the safe, law enforcement located multiple out-of-state IDs bearing **LANIER**'s name and photograph with varying dates of birth, a Visa Card in the name "Alejandro Martinez", along with a health card in **LANIER**'s name. Additionally, the safe contained various suspected controlled substances, including a sealed plastic bag containing approximately 4 grams (or approximately 100 "hits") of suspected LSD, a Ziploc bag weighing approximately 10 grams containing 67 Pills marked M/30, a plastic bag containing a pressed block of cocaine along with small glassine bags containing cocaine with an approximate weight of 52 grams, and a Tupperware container containing approximately 48 grams of cocaine.

15.     Within the safe, law enforcement also located boxes of 5.56 caliber and 9mm ammunition, a Life Storage key, and four rubber banded stacks of an amount of United States Currency.  In the same closet containing the safe, law enforcement located an electronic scale, various packaging materials, a grinder with white powder (suspected drug) residue, various cutting agents, drug press with suspected drug residue, a vacuum sealer, and additional blue M/30 pills.

16.     Law enforcement also located hundreds of business cards in the name of "Alejandro Martinez", drill bits, a punch set, a box for an "OD Green" Polymer 80 PF940C polymer frame, and a Blue Apple iPhone within the same closet. On the floor of the bedroom, law enforcement located a press and a laptop computer. Located on the desk of this bedroom was an electronic scale, packaging materials, and an electronic money counter. Your affiant

7

performed a field test on portions of the suspected cocaine from both the Tupperware container and one small plastic baggie. These field tests yielded positive results for the presence of cocaine.

## 2010 Nissan Maxima

17.    On September 27, 2021, law enforcement executed a search warrant for LANIER's 2010 Maxima which was parked directly in front of 111 Grant Street. In the back seat were two large boxes (**Parcel #1** and **Parcel #2**) which law enforcement previously observed LANIER place in his vehicle. Within these boxes were numerous vacuum-sealed packages of suspected marijuana with a gross approximate weight including packaging of 25 lbs. Also, in trunk of the vehicle, law enforcement located a plastic bag of .22 caliber ammunition and two boxes of 9mm ammunition. In the glove box, law enforcement recovered a plastic bag containing approximately 8 grams of Xanax bars and a small glassine baggy with two M/30 pills.

## Life Storage, 8161 Main Street, Unit N102, Williamsville, NY

18.    Additionally, on September 27, 2021, law enforcement executed a search warrant of Storage Unit N102 located at the Life Storage facility at 8161 Main Street, Williamsville, NY. Life Storage records obtained by subpoena indicate N102 to be rented by LANIER. Additionally, during this investigation, law enforcement surveillance observed LANIER accessing building "N" on numerous occasions. Utilizing the key found in the bedroom safe at 111 Grant Street, law enforcement accessed the unit and began a search. Located in the unit were stickers and business cards in the name "Alejandro Martinez", a box

of 9mm ammunition, three polymer 80 boxes, one Polymer 80 "jig," and an MDX arms invoice. This invoice detailed purchase of one blue Polymer 80 PF940cv2 frame kit and one G19 LF19 build kit. Also located in the unit was a Dremel Jig press, ammunition reloading equipment, and a large black bag containing three 9mm pistol magazines, a vise, rotary bits, drill, and various other tools.   Your affiant believes, based on my training and experience, that this bag containing the drill and other items, along with the presence of the Dremel press, are "tools of the trade" for manufacturing Polymer 80 style PMF, particularly in light of the presence of ammunition and build kits.

### 119 Hedwig Avenue, Lower Apartment, Buffalo, NY

19.      On September 27, 2021, law enforcement also executed a search warrant at 119 Hedwig Avenue, Buffalo, NY. During the course of this investigation, it was determined **LANIER** was utilizing this address to receive packages containing marijuana and other items. Upon making entry, no one was located inside, and law enforcement began a search of the premises. Located in a rear bedroom were multiple shipping boxes addressed to **LANIER**. In the closet of this same bedroom, a black bag was located containing four boxes of 5.56 caliber ammunition and four boxes of 9mm ammunition.  In the dining room area, law enforcement located four Polymer 80 Jigs, along with various hand tools.

### ANALYSIS AND OPINION REGARDING PMFS

20.      During the execution of the search warrants performed on September 27, 2021, multiple polymer 80 boxes and Jigs were recovered. Other than the completed polymer firearm located at 111 Grant Street, no polymer receivers were recovered. Based on my

9

training and experience, and my review of the website of Polymer 80, the Polymer 80 kits available for sale on the site are consistent with the boxes and Jigs recovered during this investigation. The kits available for sale on the site are shipped with "80% Polymer Pistol Frame, Polymer Jig, Locking Block Rail System and Rear Rail Module, Drill Bits". Based on the absence of any pistol frames recovered during the search warrants, your affiant believes that **LANIER** has completed the manufacture of and distributed multiple PMFs.

21.    I requested that ATF officials review the Federal Firearms Licensee ("FFL") and Firearms Manufacturers databases.  ATF Inspectors advised me that **LANIER**, the subject of this investigation, has not held an FFL or a license to manufacture or deal in firearms.

## ANALYSIS AND OPINION REGARDING CONTROLLED SUBSTANCES

22.    Based on my training, education, and experience, the previously detailed items seized (suspected cocaine, LSD, marijuana, and pills, along with multiple scales, drug presses, packaging materials, and other drug distribution paraphernalia, as detailed in ¶¶ 14-17) are indicative of involvement in the distribution of controlled substances rather than the possession of controlled substances for personal use. In addition to the field-testing that occurred and indicated the presence of narcotics, I have participated in many narcotics-related investigations during my career and, based on my training and experience, I am familiar with the appearance of cocaine, LSD, and marijuana. My observations of the seized items described above were consistent with the physical appearance and packaging of cocaine, LSD, and marijuana.  All drug items recovered based on the search warrants described above will

be submitted to the Drug Enforcement Administration Northeast Laboratory for further analysis.

### ANALYSIS AND OPINION REGARDING LOADED FIREARM

23.     Furthermore, based on my training and experience investigating narcotics trafficking and distribution, drug dealers commonly possess firearms to further their drug trafficking activity. Narcotics trafficking is an inherently dangerous business. As a result, drug dealers often obtain firearms and arm themselves to protect valuable narcotics, drug proceeds, and themselves from theft or violence. Here, **LANIER** possessed a loaded Polymer 80, PF940C, 9mm pistol, at the time he was encountered attempting to escape the residence. Simultaneously, **LANIER** possessed a significant amount of cocaine, LSD, marijuana, pills, electronic scales, cash, a drug press, grinder, diluents, packaging materials and a cell phone. These facts are consistent with the defendant possessing the firearm in furtherance of drug trafficking.

**WHEREFORE**, based on the foregoing, your affiant submits there is probable cause to believe that beginning on a date unknown and continuing until September 27, 2021, in the, Western District of New York, **ANTOINE LANIER AKA ALEJANDRO MARTINEZ**, not being a licensed importer, licensed manufacturer, or licensed dealer, did unlawfully manufacture firearms in violation of Title 18, United States Code, Section 922(a)(1)(A); **LANIER** did knowingly and unlawfully possess a firearm, that is, a tan Polymer 80, PF940C, 9mm pistol, absent any serial number, in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the United States in violation of Title 21, United States Code,

Section 924(c)(1)(A)(i); **LANIER** did knowingly and unlawfully possess, with intent to distribute, cocaine, LSD, and marijuana in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D).

TIMOTHY FUDELLA

Digitally signed by
TIMOTHY FUDELLA
Date: 2021.09.28 10:57:05
-04'00'

TIMOTHY FUDELLA
Special Agent, Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed and sworn telephonically

this 28th day of September, 2021

HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

12